Petition for **NATURALIZATION OF Camillo SALANI, aka James Camillo Salani.**

No. 10456.

United States District Court
N. D. California, N. D.

June 27, 1961.

———◆———

Camillo Salani, also known as James Camillo Salani, in pro. per.

Earl C. Bray, Sacramento, Cal., Gen. Atty. (Naturalization) for Immigration and Naturalization Service.

HALBERT, District Judge.

There is before me a petition for naturalization filed by Camillo Salani, also known as James Camillo Salani. From the petition, and the other documents submitted to me by the Naturalization Examiner, it appears that petitioner is a native and national of Italy; that he has resided in the United States of America since October 20, 1906; and that he filed his petition for naturalization on July 8, 1959 under the general provisions of the Immigration and Nationality Act.

From the record submitted on behalf of petitioner, it appears that petitioner has satisfied all of the general requirements for becoming a citizen, but that he is faced with one unsurmounted legal obstacle which grows out of the fact that he was convicted of the crime of murder in March, 1916. For this offense petitioner served 19 years in a California State prison. He was released on parole on March 9, 1935. On July 30, 1958, the Governor of the State of California granted petitioner a full and unconditional pardon for the aforementioned offense of murder.[1] From all that appears, the defendant has, since the date of his parole in 1935, led an exemplary life. Everyone concerned speaks highly of him. There is no doubt in my mind that the rehabilitation of petitioner has been completely successful.

The Examiner recommends that petitioner's petition for naturalization be granted. On the record, I would follow this recommendation if the law were such as to permit me to do so. I do not, however, believe that the law leaves me any discretion in this matter. I am convinced that petitioner's conviction of the crime of murder is a legal bar to his becoming a citizen of the United States of America, and this I believe to be true even though the Governor has granted petitioner a full and unconditional pardon.

---

[1]. Petitioner was also convicted of the crime of burglary in July, 1912. The pardon issued to him also covered this offense. The burglary offense is mentioned only in passing. It is of no consequence in this proceeding.

In order to become a citizen of the United States of America, petitioner must establish *inter alia* that he "during all the period referred to * * * has been and still is a person of good moral character" (Title 8 U.S.C.A. § 1427(a)). Congress has expressly decreed that among others, "No person shall be regarded as, or found to be, a person of good moral character * * * who *at any time* has been convicted of the crime of murder" (Emphasis added in quotation.) (Title 8 U.S.C.A. § 1101(f) (8)). We need consider only these rules in order to resolve the point here in issue. The result is patent if it be assumed, as it must be by the Court, that Congress meant precisely what it said when it enacted these provisions into the law.

I have examined the applicable statutes, and I am convinced that the law, as it now stands, will not permit petitioner to become a citizen of the United States of America. The precise issue, which I am here required to resolve, has already received the careful attention of Chief Judge Roszel C. Thomsen, of the United States District Court for the District of Maryland, in the Matter of Petition for Naturalization of Siacco, 184 F. Supp. 803. Judge Thomsen there held that under the law, as it now exists, no person can be found to be a person of good moral character if he has at any time been convicted of the crime of murder, and that such a conviction is a perpetual bar to naturalization. This he held to be true notwithstanding the fact that a full pardon for the offense had been issued to the offender. Judge Thomsen was of the view that the perpetual bar applies to all murders, even those followed by a pardon, unless the pardon is based upon an express finding that the defendant was improperly convicted at his original trial.[2]

I am in full accord with the legal conclusions which Judge Thomsen reached in the matter before him, and I approve of the reasoning by which he reached his conclusions. Under these circumstances, no useful purpose will be served by a recitation here of what Judge Thomsen has so ably said in his opinion in the Siacco matter, supra. I will simply rest my decision in this matter upon Judge Thomsen's opinion.[3]

As I have already noted, the Examiner has recommended that I grant petitioner's petition for naturalization. He has, however, cited no authorities which convince me that Judge Thomsen's decision is wrong. As a matter of fact, the authorities cited do not so much as create a doubt in my mind concerning the correctness of the conclusions reached by Judge Thomsen in the Siacco matter, supra. I am satisfied that the Examiner has been led to his recommendation as the result of sympathy for Mr. Salani. My sympathy for Mr. Salani is no less than that of the Examiner. Mr. Salani's case is an exceptional one. It is one of those hard cases which may, if the Court does not handle it in a dispassionate fashion, result in the bad law of which we hear so much. In the final analysis, I could follow the Examiner's recommendation only if I read something into the law which Congress did not put there. In other words, I would have to judicially legislate. I have neither the right nor the inclination to do this. My views on judicial legislation have been heretofore made known (See: In re Shear, D.C., 139 F.Supp. 217). I accept the doctrine of separation of Governmental powers in every sense. While I would like to do something for a man who has rehabilitated himself, as Mr. Salani has, Congress, in its wisdom, has decreed that I may not do so. Mr. Salani, therefore, must

2. No such showing was made in the case of the pardon granted petitioner in this proceeding.

3. There is a note on this subject in 22 A.L.R.2d 244. This note was written prior to the enactment of the Immigration and Nationality Act of 1952, and must be read in the light of the new

provision made in that law for the disqualification for citizenship of "one who at any time has been convicted of the crime of murder" (Title 8 U.S.C.A. § 1101(f) (8)). In this regard, in addition to In re Siacco, supra, see Petition for Naturalization of Ferro, D.C., 141 F.Supp. 404.

look to Congress, and not to me, for the changes which will have to be made in the law in order to grant him the right to become a citizen of the United States of America.

Petitioner's petition for naturalization must, therefore, be denied. Accordingly, it is denied.